# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MYRTIS PAULO HART,

    Plaintiff,

v.                                                                               Case No. 20-cv-1044 WJ/JFR

MCDONALD'S,
JOHN SNOWBURGER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Myrtis Paulo Hart's Civil Rights Complaint (Doc. 1). Plaintiff is incarcerated and *pro se*. He alleges McDonald's served him a Frappe Mocha containing pieces of a broken spoon. Having reviewed the matter *sua sponte* under 28 U.S.C. §§ 1915(e) and 1915A, the Court will dismiss the Complaint with prejudice.

## BACKGROUND

In 2015, Plaintiff ordered a Frappe Mocha beverage from a McDonald's restaurant in Clovis, New Mexico. When Plaintiff took a drink, he allegedly ingested pieces of a plastic spoon. Plaintiff believes the spoon had been chopped into pieces as part of a "purposeful attempt to poison" him. *See* Doc. 1 at 6. The store manager invited Plaintiff back to McDonald's, where he signed an insurance claim and received $800 in damages. The Frappe Mocha incident allegedly caused pain, discomfort, and anxiety. Plaintiff contends he experienced severe post-traumatic stress disorder each time he thought about McDonald's or saw the golden-arches logo. Plaintiff also contends he engaged in "certain acts which were considered to be criminal" as a result of the trauma. He is now incarcerated at the Central New Mexico Correctional Facility.

Based on these facts, Plaintiff raises claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against two Defendants: McDonald's and its Clovis manager, John Snowburger.  Plaintiff also alleges those Defendants violated "New Mexico criminal law" and cites a series of New Mexico statutes regulating prisons (N.M.S.A. §§ 33-3-5; 33-3-6; and 33-3-8).  *See* Doc. 1 at 3.  Plaintiff seeks at least $5 million in damages from McDonald's and Snowburger to compensate for physical and psychological harm.

Construed liberally, the Complaint appears to seek leave to proceed *in forma pauperis*.  *See* Doc. 1 at 1 (alleging that complaints "must be accompanied by … an application to proceed *in forma pauperis*").  The Court will grant this relief, waive the initial partial filing fee, and screen the Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

## STANDARDS GOVERNING INITIAL REVIEW

Sections 1915(e) and 1915A of Title 28 require the Court to conduct a *sua sponte* review of all *in forma pauperis* prisoner complaints.  The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e).  *See also* 28 U.S.C. § 1915A (requiring a *sua sponte* review of prisoner complaints, even where the plaintiff is not proceeding *in forma pauperis*). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted).  The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* However, the Court may not craft legal theories or assume the role of advocate for a *pro se* litigant. *Id.*

## DISCUSSION

Plaintiff seeks damages from McDonald's and its store manager under 42 U.S.C. § 1983 and *Bivens*. "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). *Bivens* is the federal analog to § 1983. Bivens "approved a judicially-implied cause of action allowing individuals to seek damages for unconstitutional conduct by federal officials." *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 859 (10th Cir. 2016). The Complaint contains no information allowing the Court to conclude that McDonald's and its operator are government actors. *See, e.g., Martin v. McDonald's,* 2009 WL 1149499, at *4 (W.D. Okla. Apr. 28, 2009) (dismissing *pro se* § 1983 complaint against McDonald's, which did not act under color of state law); *Stover v. McDonald's Rest.,* 2013 WL 5176750, at *3 (D.N.J. Sept. 11, 2013) (same). Accordingly, the Complaint fails to state a § 1983 or *Bivens* claim against Defendants.

The Complaint also alleges McDonald's and Snowburger violated "New Mexico criminal law," including N.M.S.A. §§ 33-3-5; 33-3-6; and 33-3-8. Section 33-3-5 is titled "Cleanliness and

feeding prisoners;" it requires jail administrators to keep the jails and inmates "clean and healthy." N.M.S.A. § 33-3-6. Similarly, § 33-3-6 states that jail administrators must provide "good and wholesome quality" to inmates. N.M.S.A. § 33-3-6. The last section cited, § 33-3-8, provides that jail administrators may propose rules for the "punishment of persons violating the rules of the jail." N.M.S.A. § 33-3-8. None of these statutes are relevant in this case. The Complaint clarifies that Plaintiff visited McDonald's before his incarceration. Plaintiff alleges that on the day he ingested plastic, he "travelled from his dwelling (9201 Pecos Ave) to McDonalds to … buy a Frappe Mocha." Doc. 1 at 4. The Complaint therefore fails to state a claim under any state law cited by Plaintiff.

The Court further observes that, notwithstanding the above defects, all claims stemming from the tainted Frappe Moche are time-barred. A three-year statute of limitations applies to civil rights violations and New Mexico personal injury claims. *See* N.M. Stat. Ann. § 37-1-8 (1978); *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) (The statute of limitations under § 1983 "is dictated by the personal injury statute of limitations in the state in which the claim arose."). Courts may consider the time-bar on screening "when the defense is obvious from the face of the complaint and no further factual record [is] required to be developed." *Fratus v. DeLand*, 49 F.3d 673, 674-75 (10th Cir. 1995); *Wilson v. Reid,* 781 Fed. App'x 789 (10th Cir. 2019) (affirming screening dismissal of prisoner § 1983 complaint based on statute of limitations). McDonald's served the Frappe Mocha in the "late-fall, early winter" of 2015, and Plaintiff filed the Complaint five years later, on October 9, 2020. *See* Doc. 1 at 4. The Complaint is therefore time-barred on its face.

For all of these reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A for failure to state a cognizable claim. *Pro se* prisoners are often

given an opportunity to amend, if the pleading defects are attributable to their ignorance of federal law.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, courts need not invite an amendment when any amended complaint would also be subject to dismissal under Fed. R. Civ. P. 12(b)(6).  *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).  The factual basis for the claims here is clear: Plaintiff swallowed plastic while drinking a McDonald's Frappe Mocha.  As a matter of law, he cannot recover from McDonald's or its operator under § 1983, *Bivens*, or any of the state statutes cited in the Complaint.  Accordingly, the Court declines to *sua sponte* invite an amendment and will dismiss the Complaint with prejudice.

**IT IS ORDERED** that Plaintiff's request to proceed *in forma pauperis* is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Civil Rights Complaint (**Doc. 1**) is **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A for failure to state a cognizable claim; and the Court will enter a separate judgment closing the civil case.

**SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE